58 CCPA

Application of Malcolm D. McILROY.
Patent Appeal No. 8534.

United States Court of Customs and Patent Appeals.
May 27, 1971.

---

Norman D. McClaskey Washington, D. C., attorney of record, for appellant. Robert Preston Miller, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jere W. Sears, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and LANDIS, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of method claims 1–7 and 9 in application serial No. 417,973, filed December 14, 1964, for "Machine Processing of Symbolic Data Constituents." We reverse. Two apparatus claims, corresponding generally to the rejected method claims by virtue of functional ("means for") expressions, stand allowed.

The rejected claims define a method for retrieving symbolic data from a stored string. Claims 1 and 7 are typical:

1. The method of processing information which comprises the steps of

(1) generating signals specifying a set of locations in memory,

(2) generating signals for indirectly addressing said memory,

(3) generating signals for combining the signals generated in steps (1) and (2) in a selected relationship to indirectly address said memory with respect to the signals generated by step (1).

(4) combining the signals of steps (1) and (2) in accordance with the signals of step (3), and

(5) extracting signals from the memory locations addressed by the combination of signals obtained in step (4).

7. The machine method of processing signals representing a string of characters stored in. a memory which comprises the steps of

(1) indirectly addressing said memory to extract signals representing a plurality of characters of said string,

(2) shifting the extracted signals until those representing a desired character occupy a preassigned set of positions in a shift register, and

(3) masking the remainder of the shifted signals.

The board affirmed the examiner's rejection of claims 1–6 under 35 USC 101 as drawn to nonstatutory subject matter, and added its own rejection of claims 7 and 9 on that ground. The board based its conclusion on the premise that only machine-implemented methods can be statutory, at least where information processing ·is concerned, and that the claims do not require machine implementation.

We see no reason to set forth here a detailed analysis of the invention defined by the claims. Under our decision in In re Musgrave, 431 F.2d 882, 57 CCPA 1352 (1970), machine implementation versus mental implementation is not a determinative dichotomy in deciding whether a method is statutory under 35 U.S.C. § 101. Further, in our decision in In re Benson, Cust. & Pat.App., 441 F.2d 682, decided May 6, 1971, we held that "a process having no practical value other than enhancing the internal operation of [digital computers]" was in the technological or useful arts and hence was statutory under § 101. It is undisputed that the method claimed here is one of that kind.

Since the board's decision lacks a proper legal basis, it is reversed.

Reversed.